UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY WARNER,

        Plaintiff,

       v.

STANDARD INSURANCE COMPANY, an Oregon Corporation, and PACIFIC LONG TERM DISABILITY COVERAGE PLAN, an Oregon corporation,

        Defendants.

Case No. C06-5549RJB

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on Defendants' Motion to Dismiss (Dkt. 12), which has been converted to a motion for summary judgment by the court. Dkt. 14. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL HISTORY

Plaintiff worked for Pacific Power and Light until July 15, 1998. Plaintiff sought long term disability (LTD) benefits under his employer PacifiCorp's ERISA-governed LTD policy (the Plan). The Plan was self-funded by PacifiCorp, whichis referred to in the Plan as the Plan Sponsor and Plan Administrator. Dkt. 12, Exh. A, at 3, 6, and 8. The Plan provides as follows:

> [The] Plan Sponsor has retained Standard Insurance Company as claims administrator for the Plan. Standard shall receive, process, investigate and evaluate claims for benefits and shall recommend to Plan Sponsor approval or denial of each claim. Standard shall also investigate and process appeals of denied claims and recommend to Plan Sponsor approval or denial of each appeal. In each case, Plan Sponsor retains the right of final review and decision on all claims and appeals.

Dkt. 12, Exh. A, at 3.

ORDER
Page - 1

Standard Insurance Company (Standard) represented to plaintiff that it was the Administrative Consultant for PacifiCorp. Dkt. 12, Exh. B, at 1.

The Plan has a changing definition of disability. To qualify for benefits, for the first 24 months, plaintiff needed to be disabled from his "own occupation." Thereafter, to receive benefits he needed to meet the "Social Security Qualified Definition of Disability."

The Plan provides a Benefit Waiting Period of 180 days before benefits may be received. Dkt. 12, Exh. A, at 7. The Plan requires that Proof of Loss be submitted during the Benefit Waiting Period. Dkt. 12, Exh. A, at 11, 20. The Plan also requires that a valid Social Security disability benefit decision, retroactive to the beginning of the Social Security Qualified Disability Period, must be issued by the plan within 24 months of the beginning of the Social Security Qualified Disability Period. Dkt. 12, Exh. A, at 9-10.

The Plan contains a provision regarding "Time Limits on Legal Actions," which provides as follows:

> No action at law or in equity may be brought until 60 days after you have given us Proof of Loss. No such action may be brought more than three years after the earlier of:
>
> 1. The date we receive Proof of Loss; and
> 2. The end of the period within which Proof of Loss is required to be given.

Dkt. 12, Exh. A, at 18.

The Plan states that Proof of Loss must be submitted during the Benefit Waiting Period. Dkt. 12, Exh. A, at 16. The Benefit Waiting Period is defined as the time period in which one must be disabled before benefits become payable. Dkt. 12, Exh. A, at 7, 20. No benefits are payable for the Benefit Waiting Period.

Plaintiff received LTD "own occupation" benefits from January 10, 1999 to January 10, 2001. On January 15, 2001, the Plan terminated plaintiff's benefits on the basis that he did not meet the definition of the Social Security Qualified Definition of Disability. On August 23, 2002, plaintiff was awarded Social Security benefits. He then filed an internal appeal of the Plan's denial with the Plan.

On February 4, 2003, the Benefits Review Specialist for Standard informed plaintiff of the result of the internal appeal:

> Due to the fact that you have received LTD benefits for the maximum time period allowable for your mental disorder, we find that the 24-month mental disorder limitation has been appropriately

applied to your claim.  As such, the decision to close your LTD claim is correct and must be upheld.

The Standard, acting as Administrative Consultant, has evaluated your claim.  The plan sponsor, PacifiCorp, has the ultimate responsibility for decisions concerning your claim for benefits.  They have considered our evaluation and made the above decision.

Dkt. 12, Exh. B, at 2.

On September 22, 2006, plaintiff filed this civil action for an award of full benefits due under the Plan, prejudgment interest, declaratory judgment to enforce a continuing obligation under the Plan, and attorney's fees and costs.  Dkt. 1.

On November 27, 2006, defendants filed a motion to dismiss (Dkt. 12) that was converted by the court, pursuant to Fed.R.Civ.P. 12(b), to a motion for summary judgment under Fed.R.Civ.P. 56 (Dkt. 14).  On January 2, 2007, plaintiff filed a motion to continue defendants' motion to dismiss (Dkt. 16).

## MOTION FOR SUMMARY JUDGMENT

Defendants contend that this case should be dismissed because it was not filed within the contractual period of limitations.  Dkt. 12. Defendants maintain that, at the very latest, this action was required to have been filed by January of 2006, two years after the beginning of the Social Security Qualified Period began.  Because the case was not filed until September 22, 2006, defendants maintain that it is untimely and should be dismissed.  Additionally, defendant Standard Insurance Company claims that plaintiff's claims against Standard should be dismissed because it is not a proper party to this ERISA action. *Id*.

Plaintiff opposes the motion, arguing that either the period of limitations never began to run, or that estoppel should prevent the defendants from using the contractual period of limitations as a defense.  In their reply, the defendants reiterated their initial argument.  Plaintiff also filed a surreply asking the court to strike certain portions of defendants' reply, including reference to a case unavailable on WestLaw as well as statements contained in the defendants' declaration.

## LEGAL STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on

an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

**1. Contractual Period of Limitations**

Defendants contend that this civil action should be dismissed because it was not commenced within the limitations period set forth in the Plan. Plaintiff argues that the contractual period of limitations did not begin to run, or, in the alternative, that defendants should be precluded from raising the contractual period as a defense.

ERISA does not provide a statue of limitations for denial of benefit claims. Rather, the most equivalent state statute of limitations is used. *Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge*, 827 F.2d 1324, 1328 (9th Cir. 1987). The equivalent statute of limitations in Washington is the state's six year limitation on breach of contract issues. RCW 4.16.040. This period of

1   limitations is not applicable when a contractual period of limitation is present. *Wetzel v. Lou Ehlers*
2   *Cadilllac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir. 2000). Therefore, the issue
3   is whether or not the contractual period of limitations contained in the Plan is applicable to this action and
4   thus supersedes the state statute of limitations.

5   The interpretation of an ERISA insurance policy is "governed by a uniform body of federal law."
6   *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990). Terms in ERISA insurance policies are
7   interpreted "in an ordinary and popular sense as would a [person] of average intelligence and experience."
8   *Id.* (quoting *Allstate Insurance Co. v. Ellison*, 757 F.2d 1042, 1044 (9th Cir. 1985)). Further, the court will
9   not artificially create ambiguity where none exists. *Id.* Lastly, terms of the Plan are interpreted in the
10  context of the Plan as a whole. *McDaniel v. National Shopmen Pension Fund*, 817 F.2d 1370, 1375 (9th
11  Cir. 1987).

12  According to the terms of the Plan, the three year contractual period of limitations automatically
13  began to run after the 180-day period in which Proof of Loss was required. Based upon the context and
14  meaning of the plain language of the Plan, the Plan only requires Proof of Loss when benefits are initially
15  requested. Therefore, the period of limitations began to run in January 1999, 180 days after plaintiff's July
16  14, 1998 cease work date. However, read in the context of the Plan as a whole, this 3-year period of
17  limitations would only apply to actions concerning the denial of original claims for "own occupation"
18  benefits. It would not be consistent for this provision to apply to actions founded on a subsequent denial of
19  disability benefits.

20  The present case provides a good example of the inconsistency. It was not until August 23, 2002,
21  after the contractual period of limitations had expired, that plaintiff was awarded Social Security benefits
22  and thus realized that he had grounds to challenge the 2001 denial of continued benefits. The Plan itself
23  envisions the scenario in which an individual's "own occupation period" benefits cease, yet the individual's
24  Social Security status has not yet been determined. In a case where the Social Security status is favorably
25  determined within 24 months of denial, the individual is entitled to be considered disabled retroactively.
26  Dkt. 12-2, Exh. A, at 10. However, by the time plaintiff was awarded Social Security benefits, the
27  contractual period of limitations had already expired.

28  There is no reference to any restrictions on legal challenges to this section of the Plan. It would be
inconsistent with the overall contract to require the three year limitation period to, in effect, bar a challenge

to a denial of benefits after Social Security benefits were awarded. As in this case, many situations can arise under the Plan after the three-year period expires. Furthermore, the Plan's three year limitation provision would appear to apply only if benefits were denied at the initial "own occupation" stage; otherwise, for two years after being granted "own occupation" benefits, a plaintiff would not have reason to file suit for the first two years of the three year period.

Defendants' position is apparently that the 180-day Proof of Loss requirement applies to the first stage of the benefit scheme and then again at the beginning of the Social Security Qualified Disability Period. If that is the case, the requirement should have been clearly put forth in the Plan. Such a requirement is not contained in the Plan, notwithstanding defendants' attempt to interpret such a requirement into the Plan in hindsight.

Therefore, no contractual period of limitations applies to plaintiff's legal challenges and the default statutory rule applies. Since the Complaint was filed within the six year time period, the claim was timely filed by plaintiff.

**2. Standard as Proper Party**

Defendants further contend that Standard is not a proper party to this action because ERISA permits a denial of benefit action to be brought against the Plan or the Plan Administrator, but not the claims administrator. In the Plan, PacifiCorp is designated as Plan Administrator, while Standard is identified as "claims administrator" and Plan Sponsor. Only plan administrators may be defendants in ERISA actions. 29 U.S.C. § 1332(a)(1)(B). ERISA defines a plan administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated[.]" 29 U.S.C. § 1002(16)(A)(I). The Plan designated PacifiCorp as the plan administrator in this case. Plaintiff argues that Standard should be also designated a plan administrator since Standard exercised complete discretion and final decision making authority under the Plan.

The issue of whether a claims administrator exercising complete discretion can be considered a plan administrator was discussed in both *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751 (9 th Cir. 2001) and *Ford v. MCI Communications Corporation Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005). The court in *Everhart* considered and rejected liability based on discretion:

> The dissent proposes a new test for suits under § 1132(a)(1)(B) whereby suits for benefits could be brought against a party that is neither the plan itself nor the plan administrator, but that makes "the discretionary decisions as to whether benefits were owed." Dissent at

> 17345. The dissent cites no authority for this proposition. It is contrary to the cases discussed in text in this and other circuits that limit § 1132(a)(1)(B) suits to plans or plan administrators, and -- significantly -- it seems to confuse or conflate a § 1132(a)(1)(B) suit with a § 1132(a)(3) suit for breach of fiduciary duty . . .

275 F.3d at 754 n.3 (citation omitted).

One lower court decision has liberally interpreted *Everhart*. *Leung v. Skidmore*, 213 F. Supp. 2d 1097 (N.D. Cal. 2002). While noting that the majority in *Everhart* rejected a test that would rely on the fiduciary status of the defendant, the court found that the term "plan administrator" was not defined in the decision. *Id.* at 1101. The court concluded that "[a] common sense definition of plan administrator would seem to admit of some overlap with the inquiry into fiduciary status, thereby permitting fiduciary considerations to creep back into a definition they were explicitly rejected from." *Id.* The court distinguished *Everhart* and found a triable issue of fact concerning the co-plan administrator's status.

However, *Ford* has more recently affirmed the strict holding in *Everhart*. In *Ford*, the defendant argued that Hartford, the claims administrator, was also a plan administrator because it was delegated exclusive discretion to determine eligibility for benefits and was therefore functioning as the plan administrator. *Ford* at 1081-82. *Ford* followed *Everhart* and held that "we explicitly rejected the argument that an insurer who 'controlled the administration of the plan and made the discretionary decisions as to whether benefits were owed' could be sued under § 1132(a)(1)(B)." *Id.* at 1082. The Ninth Circuit affirmed summary judgment against the plaintiff.

The present facts are nearly identical to *Ford*. Like the defendant Hartford in *Ford*, Standard was listed as the claims administrator. Despite the discretion that Standard enjoyed, they were not the plan administrator. Accordingly, Standard's motion for summary judgment should be granted on this issue and Standard should be dismissed as a defendant. PacifiCorp however, remains liable for Standard's actions.

**3. Motion for Continuance**

Plaintiff contends that the motion for summary judgment should be continued under Fed. R. Civ. P. 56(f). Dkt. 16. Arguing that specific evidence is necessary to determine the facts necessary to the outcome of this motion, plaintiff requests three months to conduct additional discovery.

To prevail under Rule 56(f), parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension*

*Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004).

Plaintiff has not made a sufficient showing of need under this standard. Defendant has not prevailed on its request for dismissal based on the limitations provision of the Plan. Further discovery by plaintiff on this issue is unnecessary. No additional information would assist plaintiff in its position that Standard is a proper party. Specifically, since this court has rejected the plaintiff's discretion argument, documents relating to the amount of discretion that Standard had are not relevant to the outcome of the motion for summary judgment. Therefore, the motion for a continuance should be denied.

**4. Surreply**

Plaintiff filed a surreply requesting the court to strike defendants' citation of *Biery v. The Boeing Co. Employee Health & Welfare Ben. Plan*, 2005 WL 1644354 (W.D. Wash. 2005) as well as statements in the defendants' declaration and pleadings which plaintiff alleges lack personal knowledge. Dkt. 25. While the court does not find it necessary to strike the items requested, the court has given proper weight to the items in reaching this decision.

Therefore, it is hereby **ORDERED** that defendants motion for summary judgment (Dkt. 12) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The contractual period of limitations does not bar this claim from proceeding.
2. Defendant Standard Insurance Company is dismissed as a defendant.

It is further **ORDERED** that Plaintiff's motion for continuance of defendants motion to dismiss (Dkt. 16) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of January, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page - 8